IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| ALAN HIDALGO-LOBO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:24-cv-855 |
| | ) | |
| COLUMBIA DEBT RECOVERY, LLC | ) | |
| d/b/a GENESIS CREDIT MANAGEMENT, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, ALAN HIDALGO-LOBO ("Plaintiff"), through his attorney, Hormozdi Law Firm, LLC, alleges the following against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT, LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the North Carolina Collection Agency Act, § 58-70, *et seq.* ("NCCAA").

### JURISDICTION AND VENUE

3. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claim alleged herein.

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Charlotte, Mecklenburg County, North Carolina.

8. Plaintiff is a consumer as that term is defined by the FDCPA and NCCAA.

9. Plaintiff allegedly owes a debt as that term is defined by FDCPA and NCCAA.

10. Defendant is a debt collector as that term is defined by FDCPA and NCCAA.

11. Defendant attempted to collect a consumer debt from Plaintiff.

12. Defendant is a collection agency located in the City of Everett, Snohomish County, State of Washington.

13. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

14. Defendant attempted to collect a debt within the State of North Carolina.

15. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

16. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

17. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

18. During the course of its attempts to collect debts allegedly owed to third parties,

2

Case 3:24-cv-00855-FDW-DCK    Document 1    Filed 09/20/24    Page 2 of 8

Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

20. Defendant is attempting to collect an alleged debt from Plaintiff originating with Andover Woods Apartments.

21. Plaintiff's alleged debt arises from transactions for personal, family, and household purposes.

22. Within the past year of Plaintiff filing this Complaint, Defendant placed calls to Plaintiff on Plaintiff's telephone number at xxx-xxx-0867, in an attempt to collect the alleged debt.

23. Defendant calls Plaintiff from 203-533-0873, 980-500-2058, and 509-836-5558, which are a few of Defendant's telephone numbers.

24. On or about February 28, 2024, Plaintiff answered Defendant's call and spoke to one of Defendant's representatives.

25. During the above referenced call:

   a. Defendant's representative asked Plaintiff why a dispute had been filed.

   b. Plaintiff explained he was unaware of the alleged debt.

   c. Plaintiff told Defendant's representative the alleged debt was paid years ago.

   d. Defendant's representative presented two options to Plaintiff, either set up a

payment plan or settle the alleged debt for $3,200.00.

    e. Plaintiff told Defendant's representative he would need to think about the options.

    f. Defendant's representative falsely represented Plaintiff's interest would double if he did not agree to either option.

    g. Plaintiff once again told Defendant's representative that he would think about both options and call back once he made a decision.

    h. Defendant's representative falsely represented to Plaintiff that his credit would be permanently ruined due to Plaintiff's refusal to enter into a payment agreement at that moment.

    i. Defendant's representative falsely represented that Plaintiff's dispute of the alleged account was fraudulent.

    j. Defendant's representative told Plaintiff that he would never be able to buy a house if he did not pay the alleged debt.

    k. Defendant's representative told Plaintiff that he would never be able to go to law school if he did not pay the alleged debt.

26. On or about March 7, 2024, Plaintiff called Defendant and spoke to one of Defendant's representatives.

27. During the above-mentioned call:

    a. Plaintiff informed Defendant's representative that he had legal representation.

    b. Plaintiff requested Defendant to stop calling him.

    c. Defendant's representative asked Plaintiff to provide his attorney name and contact information.

4

Case 3:24-cv-00855-FDW-DCK     Document 1     Filed 09/20/24     Page 4 of 8

d. Plaintiff provided Defendant's representative with the information requested.

   e. Defendant's representative asked Plaintiff why he obtained legal representation.

   f. Plaintiff requested all further questions to be directly to his attorney.

28. Despite the foregoing, Defendant continued to call Plaintiff in an attempt to collect the alleged debt.

29. To date, Defendant has not taken legal action against Plaintiff.

30. Defendant never intended to take legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count I of Plaintiff's Complaint.

32. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt, when Defendant continued to call Plaintiff after Plaintiff disputed the alleged debt and when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engage in any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff after Plaintiff disputed the alleged debt;

   c. Defendant violated § 1692e of the FDCPA when Defendant engaged in, at least, the following discrete violations of § 1692e;

   d. Defendant violated § 1692e(5) of the FDCPA by threatening to take action that is

5

not intended to be taken, when Defendant falsely represented the alleged debt would permanently harm Plaintiff's credit if he did not agree to a payment plan immediately and when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school;

e. Defendant violated § 1692e(8) of the FDCPA by threatening to communicate to any person credit information which is known or should be known to be false, when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school;

f. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt, when Defendant falsely represented the alleged debt would permanently harm Plaintiff's credit if he did not agree to a payment plan immediately and when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school;

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication during the time period prescribed in § 1692g(a) and (b) that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt, when Defendant continued to attempt to collect the alleged debt from Plaintiff after Plaintiff orally disputed owing the alleged debt; and

h. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt, when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, ALAN HIDALGO-LOBO, respectfully requests judgment be entered against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT

6

Case 3:24-cv-00855-FDW-DCK    Document 1    Filed 09/20/24    Page 6 of 8

MANAGEMENT, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

## COUNT II:
## DEFENDANT VIOLATED THE
## NORTH CAROLINA COLLECTION AGENCY ACT

36. Plaintiff repeats and re-alleges paragraphs one (1) through thirty (30) of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

37. Defendant violated the North Carolina Collection Agency Act based on the following:

   a. Defendant violated § 58-70-95(1) of the North Carolina General Statutes by using or threatening to use violence or any illegal means to cause harm to the person, reputation or property of any person, when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school;

   b. Defendant violated § 58-70-95(2) of the North Carolina General Statutes by falsely accusing or threatening to accuse any person of fraud or any crime, or of any conduct that would tend to cause disgrace, contempt or ridicule, when Defendant threatened to ruin Plaintiff's credit worthiness and ability to go to law school; and

   c. Defendant violated § 58-70-110 of the North Carolina General Statutes by attempting to collect a debt concerning a consumer by any fraudulent, deceptive, or misleading representation, when Defendant continued to attempt to collect the

alleged debt from Plaintiff after Plaintiff orally disputed owing the alleged debt and when Defendant falsely represented that Plaintiff's credit would be permanently harmed if Plaintiff did not agree to a payment plan immediately.

38. Defendant's actions constituted an unfair act by engaging in the above-referenced misconduct in or affecting commerce because Defendant is collecting on a consumer debt and proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff, ALAN HIDALGO-LOBO, respectfully requests judgment be entered against Defendant, COLUMBIA DEBT RECOVERY, LLC d/b/a GENESIS CREDIT MANAGEMENT, LLC, for the following:

39. Actual damages and civil penalties of not less than $500.00 nor greater than $4,000.00 per violation pursuant to North Carolina General Statute § 58-70-130;

40. Punitive damages pursuant to North Carolina General Statute § 58-70-130;

41. Costs and reasonable attorneys' fees; and

42. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

September 20, 2024 By: /s/ Shireen Hormozdi Bowman
Shireen Hormozdi Bowman
Hormozdi Law Firm, PLLC
North Carolina Bar No. 47432
1770 Indian Trail Road
Norcross, GA 30093
Tel: 678–395-7795
Cell: 678-960-9030
Fax: 866-929-2434
shireen@norcrosslawfirm.com